808 So.2d 230 (2001)
Jennifer BACH, Appellant,
v.
UNITED PARCEL SERVICE, INC., a foreign company, Appellee.
No. 4D01-252.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
Rehearing Denied October 19, 2001.
Stacy Strolla of Law Offices of Strolla & Scott, West Palm Beach, for appellant.
Michael F. McAuliffe and Edward Diaz of Holland & Knight LLP, West Palm Beach, for appellee.
PER CURIAM.
Appellant filed a complaint for gender discrimination with the Florida Commission on Human Relations ("Commission"). Pursuant to section 760.11(3), Florida Statutes (1999), the Commission has 180 days to "determine if there is reasonable cause to believe that discriminatory practice has occurred...." If the Commission dismisses the complaint, the complainant is entitled only to an administrative remedy. See § 760.11(7), Fla. Stat. (1999). However, if the Commission finds reasonable cause, the complainant may pursue either a civil action in court or pursue an administrative hearing. See § 760.11(4), Fla. Stat. (1999). If the Commission does not act within 180 days, the complainant may pursue the remedies available as if the Commission had made a finding of reasonable cause. See § 760.11(8), Fla. Stat. (1999). This latter scenario would permit the complainant to file a civil action.
In this case, the Commission found no reasonable cause and dismissed the complaint, but it did not enter that order within the 180 days allowed. The question raised is whether the complainant may then avoid the requirement to pursue an administrative remedy after the Commission dismisses the complaint and proceed to file a civil action based on the Commission's failure to act within 180 days of the filing of the complaint. This question has recently been answered by the third district in Woodham v. Blue Cross and Blue Shield of Fla., Inc., 793 So.2d 41 (Fla. 3d DCA 2001). That court held that "[t]he receipt of a `no cause' determination terminates the person's option to proceed under section 760.11(8), and requires that the person follow subsection 7, and exhaust the administrative remedy provided therein, prior to filing a lawsuit in a Florida court." Id. at 43.
*231 We agree with the analysis of the third district and adopt it as our own. We therefore affirm the final order of dismissal.
GUNTHER, WARNER, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.