813 So.2d 1003 (2002)
George WHITE, Appellant,
v.
CITY OF POMPANO BEACH, Florida, a municipal corporation of the State of Florida, Appellee.
No. 4D01-1854.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
Rehearing Denied April 30, 2002.
*1004 Saul Smolar of the Law Offices of Saul Smolar, P.A., Fort Lauderdale, for appellant.
David E. Bryant, Naples, for appellee.
POLEN, C.J.
George White timely appeals after the trial court entered summary judgment on his complaint in favor of the City of Pompano Beach ("City"). He argues the court erred in determining that his complaint was barred under the one-year statute of limitations in section 760.11(5), Florida Statutes (1999). We agree and reverse.
White alleged that the City had retaliated against him for his refusal to testify against a fellow black officer who had sued the City. On September 30, 1996, he filed a charge of discrimination under the Florida Civil Rights Act of 1992[1] against the City with both the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR).[2] On February 19, 1997, the EEOC issued a printed form entitled "DISMISSAL AND NOTICE OF RIGHTS." The form stated, in part, that "THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON." Listed below that were ten boxes, each of which contained reasons why the EEOC was closing its file. White's form contained an "X" in a box with the following language:
The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
(Emphasis supplied.)
On May 19, 1997, White sued the City in federal court. He voluntarily dismissed *1005 this claim on July 2, 1998. He then sued the City in state court on October 13, 1998. The City subsequently moved for summary judgment on the ground that suit was barred by the one-year statute of limitations pursuant to section 760.11(5), Florida Statutes (1997). The court granted the City's motion. This appeal followed.
There are specific procedures which a claimant must follow before filing a civil action based upon an alleged violation of the Florida Civil Rights Act of 1992. The claimant first must file a complaint with the FCHR[3] within 365 days of the alleged violation. § 760.11(1), Fla. Stat. (1997). If the FCHR determines that there is a "reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred," the claimant may either bring a civil action or request an administrative hearing. § 760.11(4), Fla. Stat. (1997). A civil action brought under this section "shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission." § 760.11(5), Fla. Stat. (1997).
If, however, the FCHR determines that there is not reasonable cause, it shall dismiss the complaint and the claimant may then request an administrative hearing within 35 days. § 760.11(7), Fla. Stat. (1999). "In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed ... as if the commission determined that there was reasonable cause." § 760.11(8), Fla. Stat. (1997). A claimant would have four years to bring a civil action under this section. See § 95.11(3)(f), Fla. Stat. (1999); Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000)(holding section 760.11(5) does not apply to section 760.11(8)).
In this case, White's suit was not authorized under section 760.11(4). By its own language, the EEOC's finding that it was "unable to conclude that the information obtained establishes violations of the statutes" is not a determination that the commission had "reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred."
Because section 760.11(4) does not apply, either section 760.11(7) or 760.11(8) must. Section 760.11(7) would apply if this court construes the EEOC's finding as a "no cause" determination, whereas section 760.11(8) would apply if the court holds that the EEOC never really made a determination as to whether such cause existed. Because the one-year limitations period in section 760.11(5) does not apply to section 760.11(8), and because section 760.11(7) contemplates administrative hearings and not state court action, there seems to be only two possible conclusions: either White was barred from filing his complaint in state court under section 760.11(7), or he timely filed under sections 760.11(8) and 95.11(3)(f). Under either scenario, the trial court's holding that section 760.11(5) (and, thus, section 760.11(4)) applied to bar White's complaint was incorrect. Still, the real question is whether it reached the correct result. See Applegate v. Barnett *1006 Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)("Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.").
There are two cases in which the second and third district courts of appeal faced almost the same question that this court currently faces here. They are in conflict. In Cisko v. Phoenix Medical Products, Inc., 797 So.2d 11 (Fla. 2d DCA 2001), the claimant filed a complaint under the 1992 Act with the EEOC. In March, 1999, she received from EEOC a printed form identical to the one that White received, replete with the same language and reasons why the EEOC was closing its file. In December, 1999, she filed a civil action in circuit court against Phoenix.
Phoenix subsequently filed a motion for summary judgment, arguing that the claimant failed to exhaust her administrative remedies under section 760.11(7) and, therefore, was precluded from filing a civil action. The claimant maintained that the EEOC's "determination" was not a true "no cause" determination which would have otherwise required her to timely seek an administrative hearing. The trial court sided with Phoenix and entered summary judgment in its favor.
On appeal, the second district reversed. Of import to the instant appeal, it opined,
Under section 760.01(3), Florida Statutes (1997), "[t]he Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved...."
* * * *
A "liberal construction" of section 760.11(7) requires a specific finding of lack of reasonable cause before an individual is stripped of her right of access to the courts for redress against discrimination. An indication by the EEOC that it was "unable to conclude" that there was a violation of the Act does not rise to the level of a finding that the EEOC did not have reasonable cause to believe that a violation occurred. This finding could reasonably be interpreted as indicating that the EEOC did not have sufficient information from which to make a determination. It does not definitively state that the complaint is being dismissed because it does not have merit. The additional language which explains that "[n]o finding is made as to any other issues that might be construed as having been raised by this charge" adds to the confusion regarding whether the EEOC's action is final.... Thus, we conclude that the EEOC's finding ... does not amount to a finding that there is not reasonable cause to believe that a violation of the Act has occurred. Without such a finding, Cisko is not bound by the thirty-five-day restriction in section 760.11(7). The only restriction on Cisko's civil action was that she file her civil action after the FCHR's 180-day determination period expired, but before the applicable statute of limitations [section 95.11(3)(f) ] expired. Neither party disputes that Cisko complied with this restriction. Accordingly, the trial court erred in granting final summary judgment, and Cisko should be allowed to proceed with her civil action.
Id. (footnotes omitted); accord Jones v. Lakeland Reg. Med. Center, 805 So.2d 940 (Fla. 2d DCA 2001).
The third district reached a different conclusion in Woodham v. Blue Cross and Blue Shield of Florida, Inc., 793 So.2d 41 (Fla. 3d DCA 2001)(on motion for rehearing and certification). Although faced with *1007 a different issue on appeal,[4] the court in that case deemed such a finding by the EEOC as a "no cause" determination which triggered application of section 760.11(7). In doing so, it certified conflict with Cisko. Id. at 47. Unlike Cisko, the court did not explain why it deemed the EEOC's finding a "no cause" determination.
We hold the answer to this conflict lies in the plain language of section 760.11(3). If the language of a statute is clear and unambiguous, as here, it should be given its plain meaning. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (citations omitted). As explained, supra, under section 760.11(3), the FCHR
shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992. When the commission determines whether or not there is reasonable cause, the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section.
§ 760.11(3), Fla. Stat. (1997). The form that EEOC issued to White did not determine if such reasonable cause existed; in fact, it specifically stated that the commission was unable to conclude whether White's allegations established a violation of the 1992 Act. The form also did not specify the options White had available under the Act upon dismissal of his case by the commission.
Accordingly, we hold the form did not satisfy the requirements of section 760.11(3) and, thus, that EEOC did not timely act under this section. As such, section 760.11(8) applies. Under this section, the only restriction on White's action was that he file suit after the EEOC's 180-day determination period expired and before the four-year statute of limitations pursuant to section 95.11(3)(f) expired. As neither party disputes that White complied with this restriction, we hold reversal is required. To the extent our decision conflicts with Woodham, we certify conflict.
REVERSED and REMANDED with directions to reinstate the claims alleged in White's complaint.
HAZOURI and MAY, JJ., concur.
NOTES
[1] §§ 760.01-760.11, Fla. Stat. (1997).
[2] The FCHR issued no ruling but, instead, deferred the matter to the EEOC for determination of the cause.
[3] Florida is a "deferral state" insofar as filing with either the FCHR or EEOC constitutes dual filing. Mason v. Kmart Corp., 1 F.Supp.2d 1333, 1336 (M.D.Fla.1998) (citations omitted); Woodham v. Blue Cross and Blue Shield of Fla., Inc., 793 So.2d 41, 42 (Fla. 3d DCA 2001); see also § 760.11(2), Fla. Stat. (1997)("In the event that any other agency of the state or of any other unit of government of the state has jurisdiction of the subject matter of any complaint filed with the commission and has legal authority to investigate the complaint, the commission may refer such complaint to such agency for an investigation....).
[4] The precise issue was whether a claimant may avoid the administrative hearing requirements in section 760.11(7) when the EEOC issues a "no cause" determination after the 180-day period prescribed in section 760.11(3) for FCHR action but before the filing of a lawsuit. The court certified this question to the supreme court as one of great public importance.