PER CURIAM.
Marie Hagan (“Hagan”) appeals the trial court’s order dismissing her claim for unemployment compensation under chapter 760, Florida Statutes (1999) wherein she charges Sunstates Maintenance Corp. (“Sunstates”) and Seacrest Services, Inc. (“Seacrest”)(collectively “the Appellees”) with discriminatory employment practices arising from her discharge.
The material facts in this case are undisputed. Hagan filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discriminatory employment practices on the part of the Ap-pellees. In accordance with the work-sharing agreement in place between the EEOC and the Florida Commission on Human Relations (FCHR), the claim was considered simultaneously filed with both agencies. The EEOC conducted an investigation and sent a determination letter to Hagan that stated, in material part:
The EEOC issued the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by the charge.
Section 760.11(7), Florida Statutes (1999), requires complainants who receive a “no cause” determination from the EEOC or the FCHR to seek an administrative appeal of the finding within 35 days, or face permanent bar of the claim.
Hagan filed no administrative appeal in this case. Instead, she filed a civil action *175 in the Fifteenth Judicial Circuit charging employment discrimination alleging that her termination was due to her gender.
In response, the Appellees filed a motion to dismiss, claiming that Hagan had failed to exhaust her administrative remedies under section 760.11(7). The trial court agreed and dismissed the complaint finding that the language in the EEOC determination letter was the equivalent of a finding of “no cause” by the FCHR, and, therefore, an administrative appeal was required in order to preserve Hagan’s right to sue.
Subsequent to the trial court’s ruling in this case, this court reviewed another EEOC letter with language identical to the language under review in this case and held that the language of that EEOC letter was not equivalent to a finding of “no cause” as required by Chapter 760. See White v. City of Pompano, 813 So.2d 1003 (Fla. 4th DCA 2002)(citing with approval, Cisko v. Phoenix Med. Prods., Inc., 797 So.2d 11 (Fla. 2d DCA 2001)).
Consequently, in this case, the finding by the EEOC that it was unable to conclude that the information obtained establishes a violation of the statute is not the equivalent of a “no cause” determination. Thus, the trial court erred in finding Ha-gan had received a “no cause” determination from the EEOC, had failed to exhaust her administrative remedies, and was, therefore precluded from filing suit.
In White, this court acknowledged that a conflict existed between Cisko and the third district’s holding in Woodham v. Blue Cross & Blue Shield of Florida, 793 So.2d 41 (Fla. 3d DCA 2001), and chose to adopt the logic and result of the second district’s decision in Cisko. See White, 813 So.2d at 1006.
Earlier, this court’s decision in Bach v. United Parcel Service, Inc., 808 So.2d 230 (Fla. 4th DCA 2001), adopted the logic and holding in Woodham as it related to another issue. Thus, that case may be factually distinguished from the case at. bar. In Bach, the question before the court centered on failure by the FCHR to enter an order within the 180 days allowed under section 760.11. See id. Bach in fact did not contemplate the situation currently before the court — whether a finding by the EEOC it was unable to conclude that a violation occurred, constitutes a finding of “no cause.” See id. Therefore, to the extent that this court adopted Woodham, it was for a proposition entirely uncon-templated in the case at bar.
In conclusion, based upon this Court’s decision in White, the order granting the Appellee’s motion to dismiss Hagan’s claim due to failure to exhaust administrative remedies is reversed, and the case is remanded for further proceedings in accordance with this opinion. See White, 813 So.2d at 1006. To the extent our decision is in conflict with Woodham, we certify conflict. ■
REVERSED AND REMANDED.
GUNTHER, STONE and GROSS, JJ., concur.