829 So.2d 891 (2002)
Cordette WOODHAM, Petitioner,
v.
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Respondent.
No. SC01-2160.
Supreme Court of Florida.
October 10, 2002.
*892 Lisa Fletcher-Kemp, Hollywood, FL, and Gary L. Printy, Tallahassee, FL, for Petitioner.
Patrick D. Coleman and Melissa A. Dearing of Coffman, Colemand, Andrews & Grogan, P.A., Jacksonville, FL, for Respondent.
Richard E. Johnson, Tallahassee, FL; and Archibald J. Thomas, III, Jacksonville, FL, for National Employment Lawyers Association, Florida Chapter, Amicus Curiae.
Christine D. Hanley and David H. Spalter of Christine D. Hanley & Associates, P.A., West Palm Beach, FL, for Human Resource Association of Palm Beach County, Amicus Curiae.
Andrew S. Hament and Aaron D. Lyons of Gray, Harris & Robinson, P.A., Melbourne, FL, for The Academy of Florida Management Attorneys, Amicus Curiae.
Allan W. Weitzman and Arlene K. Kline of Proskauer Rose LLP, Boca Raton, FL, for the HR Florida State Council and the Human Resources Association of Broward County, Amicus Curiae.
PARIENTE, J.
We have for review Woodham v. Blue Cross & Blue Shield of Florida, Inc., 793 So.2d 41, 47 (Fla. 3d DCA 2001), a decision of the Third District Court of Appeal, which certified conflict with Cisko v. Phoenix Medical Products, Inc., 797 So.2d 11, 13-14 (Fla. 2d DCA 2001), a decision of the Second District Court of Appeal. The Third District in Woodham also certified the following question to be of great public importance:
WHETHER A CLAIMANT MUST PURSUE THE ADMINISTRATIVE REMEDIES PROVIDED IN SECTION 760.11(7), FLORIDA STATUTES, WHEN THE CLAIMANT HAS FILED A COMPLAINT UNDER THE FLORIDA CIVIL RIGHTS ACT WITH THE FLORIDA COMMISSION ON HUMAN RELATIONS AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION JOINTLY, AND HAS RECEIVED AN EEOC "DISMISSAL AND NOTICE OF RIGHTS" STATING: "BASED UPON ITS INVESTIGATION, THE EEOC IS UNABLE TO CONCLUDE THAT THE INFORMATION OBTAINED ESTABLISHES VIOLATIONS OF THE STATUTES. THIS DOES NOT CERTIFY THAT THE RESPONDENT IS IN COMPLIANCE WITH THE STATUTES. NO FINDING IS MADE AS TO ANY OTHER ISSUES THAT MIGHT BE CONSTRUED AS HAVING BEEN RAISED BY THIS CHARGE."?
Woodham, 793 So.2d at 47. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we answer the certified question in the negative, quash the Third District's decision, and remand for proceedings consistent with this opinion.

STATEMENT OF FACTS
Woodham, an African-American, filed an action against Blue Cross and Blue Shield of Florida (BCBS), her former employer, under the Florida Civil Rights Act (FCRA), §§ 760.01-.11, Fla. Stat. (1999), *893 asserting that BCBS engaged in discriminatory practices against her. The Third District described Woodham's specific assertions of discrimination:
Woodham asserted that she was twice denied a promotion on the basis of her race despite years of experience working with BCBS. Moreover, Woodham asserted that her BCBS supervisor was systematically directing additional assignments to other personnel, hence depriving Woodham of the opportunity to earn credits towards a promotion. After Woodham brought the matter to the supervisor's attention, and to the manager's attention, she was allegedly subjected to a tirade of retaliation and harassment.
Before bringing her lawsuit, Woodham filed a discrimination charge against BCBS with the United States Equal Employment Opportunity Commission ["EEOC"]. This action operated as a dual filing with the Florida Commission on Human Relations ["FCHR"], pursuant to the EEOC/FCHR workshare agreement. See Love v. Pullman Co., 404 U.S. 522[, 92 S.Ct. 616, 30 L.Ed.2d 679] (1972); Wells Fargo Guard Serv., Inc. v. Lehman, 25 Fla. L. Weekly D2307[, 767 So.2d 624] (Fla. 3d DCA Sept.27, 2000); Sweeney v. Florida Power & Light Co., 725 So.2d 380 (Fla. 3d DCA 1998).[1]
Woodham, 793 So.2d at 42.
More than 300 days after filing the charge, Woodham requested a right-to-sue letter from the EEOC. Woodham subsequently received from the EEOC Form 161, which is a printed form notice, entitled "DISMISSAL AND NOTICE OF RIGHTS." The form stated in part that "THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON." Listed below were ten boxes to be marked as applicable by the agency, each of which contained accompanying reasons why the EEOC was closing its file. The first seven boxes are procedural bases for dismissal. Woodham's form contained an "X" next to box 8 only. Box 8 contains the following accompanying language:
The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
After Woodham filed a complaint in circuit court, BCBS filed a motion for summary judgment. The trial court granted BCBS's motion, finding that Woodham's claim was barred because Woodham failed to request an administrative hearing as required by section 760.11(7) of the FCRA. The Third District affirmed the granting of the summary judgment, denied rehearing but certified conflict with Cisko, and certified a question of great public importance.
*894 See Woodham, 793 at So.2d at 42-43, 47.

THE FLORIDA CIVIL RIGHTS ACT
The issue that we resolve is whether the notice received by Woodham precluded Woodham's right to file a complaint of discrimination in circuit court. We begin with the stated purpose of the FCRA, which is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status." § 760.01(2), Fla. Stat. (1999). The Legislature has specifically declared that the FCRA "shall be liberally construed to further the general purposes stated in this section." § 760.01(3). In Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000), we recently explained:
The statute's stated purpose and statutory construction directive are modeled after Title VII of the Civil Rights Act of 1964. Like Title VII, chapter 760 is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the Legislature. Section 760.01(2) outlines the general purposes of the Act which include securing freedom from discrimination for all individuals and preserving the general welfare of all.
Id. at 435 (citations omitted).
As a prerequisite to bringing a civil action based upon an alleged violation of the FCRA, the claimant is required to file a complaint with the FCHR within 365 days of the alleged violation. See § 760.11(1). Under section 760.11(3), the FCHR is then required to determine within 180 days whether or not reasonable cause exists. Subsection (3) provides in full:
Except as provided in subsection (2), the commission shall investigate the allegations in the complaint. Within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992. When the commission determines whether or not there is reasonable cause, the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section.

§ 760.11(3), Fla. Stat. (1999) (emphasis supplied).
If the FCHR makes a "reasonable cause" determination, section 760.11(4) provides the claimant with two options: he or she may (1) bring a civil action or (2) request an administrative hearing. Subsection (4) provides in full:
In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
(a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
(b) Request an administrative hearing under ss. 120.569 and 120.57.
The election by the aggrieved person of filing a civil action or requesting an administrative hearing under this subsection is the exclusive procedure available to the aggrieved person pursuant to this act.
§ 760.11(4), Fla. Stat. (1999).
On the other hand, under section 760.11(7), if the FCHR makes a determination that there is not reasonable cause ("no cause"), the claimant may request an administrative hearing, but must do so within 35 days of the date of the "no cause" determination. If the request is not made *895 within 35 days, the claim is barred. Subsection (7) provides in full:

If the commission determines that there is not reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred, the commission shall dismiss the complaint. The aggrieved person may request an administrative hearing under ss. 120.569 and 120.57, but any such request must be made within 35 days of the date of determination of reasonable cause and any such hearing shall be heard by an administrative law judge and not by the commission or a commissioner. If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred. If the administrative law judge finds that a violation of the Florida Civil Rights Act of 1992 has occurred, he or she shall issue an appropriate recommended order to the commission prohibiting the practice and recommending affirmative relief from the effects of the practice, including back pay. Within 90 days of the date the recommended order is rendered, the commission shall issue a final order by adopting, rejecting, or modifying the recommended order as provided under ss. 120.569 and 120.57. The 90-day period may be extended with the consent of all the parties. In any action or proceeding under this subsection, the commission, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action. In the event the final order issued by the commission determines that a violation of the Florida Civil Rights Act of 1992 has occurred, the aggrieved person may bring, within 1 year of the date of the final order, a civil action under subsection (5) as if there has been a reasonable cause determination or accept the affirmative relief offered by the commission, but not both.
§ 760.11(7), Fla. Stat. (1999) (emphasis supplied).
Finally, if the FCHR fails within 180 days to make a determination either way regarding whether reasonable cause exists, section 760.11(8) states that the claimant may proceed under subsection (4) as if the FCHR made a "reasonable cause" determination. Subsection (8) provides in full:
In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.

§ 760.11(8), Fla. Stat. (1999) (emphasis supplied).
We also point out that, although in many respects the FCRA is patterned on Title VII, which is the federal statutory scheme, Title VII does not bar a federal lawsuit even if the EEOC issues a "no cause" determination. Moreover, as recognized in the Third District's opinion, "[t]he only conditions precedent to filing a lawsuit in federal court are filing a charge with the EEOC and receipt of the EEOC disposition of the charge." Woodham, 793 So.2d at 45 (citing 42 U.S.C. § 2000e-5(f)(1)(2000), which states that "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved"). Thus, the FCRA differs from Title VII, its federal counterpart, in that a "no cause" determination precludes a civil suit under the FCRA but not under Title VII. Further, Title VII requires receipt of the EEOC disposition of a claimant's charge, whereas the FCRA allows the claimant, *896 under subsection (8), to file suit without a disposition if the FCHR fails to timely render a reasonable cause determination.

ANALYSIS
The first issue presented in this case is whether the EEOC dismissal and notice of rights received by Woodham satisfies the requirements of a "no cause" determination in section 760.11(3) and (7). BCBS contends, and the Third District assumed without discussion, that the EEOC dismissal and notice of rights received by Woodham does satisfy the requirements of a "no cause" determination in section 760.11(3) and (7). Thus, BCBS asserts, and the Third District concluded, that Woodham's receipt of the notice foreclosed her ability to sue in court, and left as her only remedy the request of an administrative hearing for review within 35 days after receipt of the notice, as required under section 760.11(7).
Other district courts deciding this precise issue involving the same EEOC Form 161 dismissal and notice of rights have disagreed with the Third District. In Cisko, the Second District recognized first that the FCRA should be liberally construed based on the remedial purpose of the statute, and second that a liberal construction requires "a specific finding of lack of reasonable cause before an individual is stripped of her right of access to the courts for redress against discrimination." 797 So.2d at 13. Second, the Second District held that the "unable to conclude" language "could reasonably be interpreted as indicating that the EEOC did not have sufficient information from which to make a determination. It does not definitively state that the complaint is being dismissed because it does not have merit." Id. Third, the Second District reasoned that "[t]he additional language which explains that `[n]o finding is made as to any other issues that might be construed as having been raised by this charge' adds to the confusion regarding whether the EEOC's action is final." Id. at 13-14. Finally, the Second District held that the "EEOC [dismissal and notice of rights] does not inform a claimant of what rights she possesses upon dismissal of her complaint." Id. at 14. Because the Second District concluded that EEOC Form 161 did not satisfy the requirements of a "no cause" determination under the FCRA, the court concluded that Cisko was not required to exhaust the administrative remedy in subsection (7), and could proceed under subsection (4) with a civil action. Id. The Second District subsequently reaffirmed its reasoning and holding in Cisko as to this issue. See Jones v. Lakeland Regional Medical Center, 805 So.2d 940, 941 (Fla. 2d DCA 2001).
In construing the same EEOC Form 161, the Fourth District agreed with Cisko. See White v. City of Pompano Beach, 813 So.2d 1003, 1007 (Fla. 4th DCA 2002). In White, the court recognized the conflict between Cisko and Woodham, and stated that the answer to the conflict "lies in the plain language of section 760.11(3)." White, 813 So.2d at 1007. Based on this plain language, the Fourth District concluded that EEOC Form 161 failed to satisfy the requirements of subsection (3) because it "did not determine if such reasonable cause existed; in fact, it specifically stated that the commission was unable to conclude whether White's allegations established a violation of the 1992 Act." Id. Additionally, the Fourth District agreed with Cisko that EEOC Form 161 "did not specify the options White had available under the Act upon dismissal of his case by the commission." White, 813 So.2d at 1007. The Fourth District subsequently reaffirmed its reasoning and holding in White as to this issue. See Hagan v. Seacrest Servs., Inc., 819 So.2d 174, 175 (Fla. 4th DCA 2002); Quinland v. Minimed *897 Distrib. Corp., 814 So.2d 1214, 1214 (Fla. 4th DCA 2002).
We agree with the interpretations of the Second and Fourth Districts. First, it is axiomatic that in construing a statute courts must first look at the actual language used in the statute. See Joshua, 768 So.2d at 435; State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995); Miele v. Prudential-Bache Secs., Inc., 656 So.2d 470, 471 (Fla.1995). Second, as stated in Joshua, "[w]e are guided by the Legislature's stated purpose for enacting this chapter and its directive that the Act be liberally construed in reaching our decision." 768 So.2d at 435. Additionally, because section 760.11(7) purports to abridge an individual's right of access to the courts, that section must be narrowly construed in a manner that favors access. See Weinstock v. Groth, 629 So.2d 835, 838 (Fla.1993).
We construe the language of section 760.11(7) to require a specific determination "that there is not reasonable cause" to believe a violation occurred. § 760.11(7). The agency's determination in this case was only that it was "unable to conclude that the information obtained establishes violations of the statutes." We cannot and will not equate "unable to conclude" with a determination that "there is not reasonable cause." To equate those two terms would be contrary to the plain language of the statute. Further, to the extent that there is any ambiguity as to the intent of subsection (7), we are guided by the stated statutory purpose of liberally construing the FCRA in favor of a remedy for those who are victims of discrimination, and the companion principle that requires us to narrowly construe statutory provisions that restrict access to the courts.
In addition, the notice provided to Woodham does not comply with the notice requirement in subsection (3), which requires the FCHR to "promptly notify the aggrieved person ... of the options available under this section." § 760.11(3). A narrow construction of this requirement mandates that the FCHR (or its designated agency) inform the claimant of "the possible next steps that can be taken." Joshua, 768 So.2d at 439. As recognized by both the Second and Fourth Districts, EEOC Form 161 did not provide information to Woodham of the options that were available to her upon dismissal of her complaint. See Cisko, 797 So.2d at 14; White, 813 So.2d at 1007.
Thus, we hold that the EEOC dismissal and notice of rights form in this case does not satisfy the requirements of a "no cause" determination under section 760.11(3) and (7). Without having received a proper "no cause" determination, Woodham was not required to make the subsection (7) request for an administrative hearing within 35 days. Rather, Woodham was permitted to proceed under subsection (4) "as if the FCHR made a `reasonable cause' determination," because the FCHR failed to make a determination either way regarding whether reasonable cause existed. See § 760.11(8).
We next analyze the second issue addressed by the Third District's opinion regarding the legal effect of an untimely notice. Assuming, as the Third District did, that the notice constituted a determination of "no cause," the issue is what the effect was of Woodham having received the notice after the 180-day period provided in the statute. The Third District held that a notice issued after the lapse of the 180-day period for FCHR action, but before the claimant files a lawsuit, requires the claimant to exhaust the administrative remedy provided in subsection (7). See Woodham, 793 So.2d at 43. Subsequently, in Bach v. United Parcel Service, Inc., 808 So.2d 230, 230-31 (Fla. 4th DCA 2001), review granted, 821 So.2d 292 (Fla.2002), the Fourth District, upon being presented *898 with precisely this same issue, adopted the holding and analysis of Woodham.
In Joshua, this Court examined a similar issue regarding the effect of the FCHR's failure to issue a determination within the 180-day period of the applicable statute of limitations. 768 So.2d at 433. This Court held that
the general four-year statute of limitations for statutory violations, section 95.11(3)(f), Florida Statutes (1995), applies to actions filed pursuant to chapter 760, Florida Statutes, if the Commission on Human Relations does not make a reasonable cause determination on a complaint within the 180 days contemplated by section 760.11(8), Florida Statutes (1995).
Id.
When the FCHR fails to act within 180 days, subsection (8) applies, allowing the claimant to proceed under subsection (4) and file a lawsuit as if the FCHR determined that there was reasonable cause. § 760.11(8). However, because subsection (7) does not refer to the 180-day period, the Third District interpreted subsection (7) to apply to restrict a claimant from filing suit, even if the reasonable cause determination was made after the 180-day period expired. See Woodham, 793 So.2d at 44-45.
BCBS concedes that if Woodham had filed suit after the 180 days but before the receipt of the notice, she would have been able to file directly in circuit court pursuant to subsection (8). It is also undisputed that it was Woodham who, after 300 days, requested "a right to sue letter" from the EEOC. The "right to sue" letter is the prerequisite to filing a lawsuit in federal court. The Third District's interpretation of the statute created a Catch-22 for Woodham in that "the very step that is a condition precedent to filing a federal action [acted] as a complete bar to Woodham's state suit." Id. at 46 (Ramirez, J., dissenting). The Third District stated that it was not "unmindful of the injustice this [interpretation] cause[d]" and "regret[ted] this required result." Id. at 45. Yet the Third District claimed that it was compelled to so conclude based on the "plain meaning of the statute." Id.
We again respectfully disagree with the Third District's interpretation of this statute. The resolution of this issue is properly reached by adherence to the rule of statutory construction that related statutory provisions must be read together to achieve a consistent whole, see M.W. v. Davis, 756 So.2d 90, 101 (Fla.2000); Sun Ins. Office, Ltd. v. Clay, 133 So.2d 735, 738 (Fla.1961), and that "[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992).
Critically, in rendering its decision, the Third District stated: "Section 760.11 of Florida's Civil Rights Act, contains three pertinent subsections regarding civil and administrative remedies: §§ 760.11(4), (7), and (8)." Woodham, 793 So.2d at 43 (emphasis supplied). In actuality, the FCRA contains four pertinent subsections regarding civil and administrative remedies. Subsection (3) provides:

Within 180 days of filing the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992.
§ 760.11(3) (emphasis supplied). This subsection must be construed in "harmony" with the other provisions, see Forsythe, 604 So.2d at 455, to "achieve a consistent whole." M.W., 756 So.2d at 101.
Giving effect to all provisions of section 760.11 presents the following cohesive view *899 of the FCRA: The FCHR must determine whether or not reasonable cause exists within 180 days. See § 760.11(3). If the FCHR makes a "reasonable cause" determination, the claimant may bring a civil action or request an administrative hearing. See § 760.11(4). However, if the FCHR makes a "no cause" determination, the claimant may request an administrative hearing, but must do so within 35 days, otherwise the claim will be barred. See § 760.11(7). Finally, if the FCHR fails to make a determination regarding whether reasonable cause exists within 180 days, the claimant may proceed under subsection (4) as if the FCHR made a "reasonable cause" determination. See § 760.11(8).
Reading the relevant provisions of the statute together clearly establishes that whenever the FCHR fails to make its determination within 180 days, even if the untimely determination is made before the filing of a lawsuit, the claimant may proceed to file a lawsuit under subsection (4). To construe the statute so as to foreclose a claimant's civil suit where a claimant receives notice after the 180 day period but before the claimant files the suit would require us to ignore subsection (3), or judicially engraft into subsection (8) the caveat, "unless the FCHR makes its untimely determination before the claimant files the lawsuit." This we cannot and will not do. See Seagrave v. State, 802 So.2d 281, 287 (Fla.2001) ("[I]t is a basic principle of statutory construction that courts `are not at liberty to add words to statutes that were not placed there by the Legislature.'").
This Court stated in Joshua:

Since the Legislature has undertaken to address the problem of discrimination, we believe that its agents should take the necessary steps to protect the interests of the claimants who fall within its purview. The Commission should take that step by providing some type of notice to claimants within 180 days of filing regarding the status of their claims.
768 So.2d at 439 (first emphasis added). In the present case, it is undisputed that the EEOC dismissal and notice of rights was not issued within the 180 days provided by subsections (3) and (8). Thus, Woodham should have been permitted to proceed with her civil action even if EEOC Form 161 had satisfied the requirements of a "no cause" determination under section 760.11(3).
Accordingly, the trial court erred in granting summary judgment, and Woodham should be allowed to proceed with her civil action. Thus, we answer the certified question in the negative, quash the Third District's decision, approve Cisko and disapprove of Bach, and remand for proceedings consistent with this opinion.
It is so ordered.
ANSTEAD, C.J., LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
WELLS, J., concurs in part and dissents in part with an opinion.
SHAW, J., recused.
WELLS, J., concurring in part and dissenting in part.
I concur with the majority as to the first issue. This determination renders the second issue moot, and therefore I dissent from addressing it.
NOTES
[1] BCBS argues that Woodham failed to timely direct-file her charge with the FCHR, or alternatively, that Woodham failed to request dual-filing of her charge with the FCHR. However, the Third District stated that under the workshare agreement between the EEOC and the FCHR, by which each agency designates the other as its agent for purposes of receiving, investigating, and filing charges, Woodham's filing with the EEOC automatically operated as a dual-filing with the FCHR. Woodham also raises the issue that without the FCHR's adoption or ratification of the EEOC determination, the EEOC determination is not binding on her. This argument in turn may depend on which workshare agreement applies. We decline to address either Woodham's or BCBS's arguments as to these issues because they are not the basis for our jurisdiction and are beyond the issues necessary for the resolution of the conflict issue and certified question.