STEVENSON, J.
This is an appeal from a final summary-judgment entered in favor of defendant Community Blood Centers of South Florida, Inc., in a disability discrimination action filed by Stephen Gore, under the Florida Civil Rights Act (“FCRA”) of 1992. Because the trial judge erred in finding that Gore had previously made the exclusive selection of an administrative remedy and therefore could not proceed in a civil action, we reverse.
Gore is hearing and speech impaired. After Gore was terminated from his position as a lab technologist with Community Blood Centers, he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).[1] On August 19, 2002, the EEOC issued a so-called “unable to conclude” notice finding that it was unable to conclude if Gore had established a violation of the statutes. After Gore received the “unable to conclude” notice, Gore’s counsel sent a letter to the Florida Commission on Human Relations (the Commission) on September 9, 2002, which stated in part:
The EEOC has issued a Dismissal and Notice of Rights dated August 19, 2002, a copy of which is attached. While we do not believe that the Dismissal and Notice of Rights is a determination regarding “cause” under the Florida Civil Rights Act, out of an abundance of caution, Mr. Gore requests that his charge be processed through your administrative process, including an administrative hearing.
Subsequently, on June 20, 2003, Gore filed a complaint against Community Blood Centers in circuit court. Community Blood Centers then filed a motion for summary judgment, alleging that the letter sent to the Commission by Gore’s counsel after he had received the “unable to conclude” notice from the EEOC constituted a request for an administrative hearing and an exclusive election of remedies pursuant to Florida Statutes section 760.11(4). The trial court agreed and granted Community Blood Centers’ motion for summary judgment.
At the time that Gore filed his purported request for an administrative proceeding within thirty-five days of receiving the EEOC “unable to conclude” notice, a conflict existed in the district courts regarding how the language in that federal notice fit within the framework of Florida Statutes section 760.11(7), which provided for specific procedures following a finding of “reasonable cause” or “no reasonable cause” by the Commission. See Woodham v. Blue Cross & Blue Shield of Fla., Inc., 793 So.2d 41 (Fla. 3d DCA 2001), quashed, 829 So.2d 891 (Fla.2002)(holding that an EEOC “unable to conclude” notice is like a finding of “no cause” and the claimant is required to file a request for administrative hearing within thirty-five days pursuant to section 760.11(7) or the claim will be forever barred); Cisko v. Phoenix Med. Prods., Inc., 797 So.2d 11, 13-14 (Fla. 2d DCA 2001), review denied, 839 So.2d 699 (Fla.2003)(holding that an EEOC “unable to conclude” notice does not act as a “no cause” determination and does not trigger section 760.11(7)’s requirement that the recipient of a “no cause” determination request an administrative hearing within thirty-five days); see also White v. City of Pompano Beach, 813 So.2d 1003 (Fla. 4th *522 DCA 2002)(siding with Cisko and holding that an EEOC “unable to conclude” notice does not act as a “no cause” determination).
After Gore’s September 9, 2002 letter was sent to the Commission, our Supreme Court issued Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So.2d 891 (Fla.2002), on October 10, 2002, and resolved the conflict between the district courts, holding that an “unable to conclude” determination by the EEOC is not a “no cause” determination for purposes of the FCRA. Id. at 897. Thus, a litigant receiving an “unable to conclude” notice is not limited to filing a request for administrative hearing within thirty-five days, but has the option of requesting an administrative hearing or filing an action in a court of law. See id.; see also §§ 760.11(4), (7), Fla. Stat. (2002). Once an election is made, however, it is the exclusive procedure available to the aggrieved person pursuant to the act. See § 760.11(4).
In view of the legal landscape which existed at the time Gore’s letter was sent to the Commission, the trial court erred in granting summary judgment because Gore’s purported request for an administrative hearing was nothing more than a conditional attempt to comply with the thirty-five day requirement found in section 760.11(7) and was clearly not a willful election of administrative remedies under section 760.11(4). In reaching our holding, we are mindful of the remedial nature of the Florida Civil Rights Act. We reverse the summary judgment entered in favor of Community Blood Centers of South Florida and remand for further proceedings.
REVERSED and REMANDED.
FARMER, C.J., and KLEIN, J., concur.

. Pursuant to the Florida Civil Rights Act, a complainant may file the initial discrimination complaint with either the EEOC or the Florida Commission on Human Relations (the Commission). See § 760.11(1), Fla. Stat. Gore's charge of discrimination was initially filed with the EEOC and was forwarded to the Commission. The Commission then deferred investigation back to the EEOC.