DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VILLAS OF WINDMILL POINT II PROPERTY OWNERS' ASSOCIATION, INC.,**
Appellant,

v.

**NATIONSTAR MORTGAGE, LLC,**
Appellee.

No. 4D16-2128

[ October 25, 2017 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet C. Croom, Judge; L.T. Case No. 2013CA000201.

Jose D. Sosa of the Law Office of Jose D. Sosa, P.C., North Palm Beach, for appellant.

Avri S. Ben-Hamo and Steven B. Greenfield of the Greenfield Law Group, P.A., Boca Raton, for appellee.

TAYLOR, J.

A property owners' association, Villas of Windmill Point II (the "Association" or the "Villas Association"), appeals a final judgment concerning a property owner's liability for assessments under section 720.3085(2), Florida Statutes (2011). We affirm the final summary judgment and hold that, although the current parcel owner did not directly qualify for the safe harbor provision under section 720.3085(2)(c), it did indirectly benefit from the safe harbor provision because, under section 720.3085(2)(b), it was jointly and severally liable with the prior parcel owner for all unpaid assessments due up to the time of transfer of title, and the prior parcel owner did qualify for the safe harbor provision. However, we remand for the trial court to make certain corrections to the final judgment consistent with this opinion.

Fannie Mae currently owns a parcel of real property that is part of the Villas Association. A mortgage was recorded on the property in 2005 in the amount of $103,600. CitiMortgage later became the holder of the mortgage, which was the first mortgage on the property. CitiMortgage filed

a mortgage foreclosure complaint against multiple defendants, including the borrower and the Association. A foreclosure judgment was entered in favor of CitiMortgage. Following a foreclosure sale, CitiMortgage took title to the property. CitiMortgage deeded the property to Fannie Mae in 2011.

A dispute arose over whether Fannie Mae was entitled to the protection of the safe harbor provision of section 720.3085(2)(c), Florida Statutes, which limits the liability of a first mortgage holder for unpaid assessments. Fannie Mae's agent, Nationstar, filed suit against the Association, asserting three counts in its amended complaint: Count I – an action to compel the Association's compliance with the safe harbor provision of section 720.3085(2)(c), Florida Statutes; Count II – an action for declaratory relief; and Count III – an action for damages.

Nationstar eventually moved for summary judgment on Counts I and II. The Association filed an affidavit in response to the motion for summary judgment, but the affidavit essentially consisted of legal conclusions concerning the applicability of the safe harbor provision of section 720.3085(2)(c). At Nationstar's request, the trial court took judicial notice of the court file in CitiMortgage's mortgage foreclosure action.

After a hearing on the motion, the trial court granted summary judgment and entered a final judgment in favor of Nationstar as to Counts I and II. The court ruled that "Fannie Mae's liability to [the Association] is limited to 1% of the original mortgage $1,306.00, plus any monthly assessments which accrued after CitiMortgage, Inc. took title." Nationstar voluntarily dismissed Count III, and the Association now appeals the final judgment.

The standard of review of an order granting summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

On appeal, the Association's primary argument is that Fannie Mae was not entitled to the safe harbor provision of section 720.3085(2)(c) because it was not a first mortgagee (or its successor or assignee) that acquired title to the parcel by foreclosure or by deed in lieu of foreclosure.

Section 720.3085(2), Florida Statutes (2011), governs a parcel owner's liability for assessments imposed by a homeowners' association:

> (2)(a) A parcel owner, regardless of how his or her title to property has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for

2

all assessments that come due while he or she is the parcel owner. . . .

(b) A parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title. . . .

(c) Notwithstanding anything to the contrary contained in this section, *the liability of a first mortgagee, or its successor or assignee as a subsequent holder of the first mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure* for the unpaid assessments that became due before the mortgagee's acquisition of title, shall be the lesser of:

1. The parcel's unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

2. One percent of the original mortgage debt.

The limitations on first mortgagee liability provided by this paragraph apply only if the first mortgagee filed suit against the parcel owner and initially joined the association as a defendant in the mortgagee foreclosure action. . . .

(emphasis added).

Here, although Fannie Mae was not "a first mortgagee, or its successor or assignee as a subsequent holder of the first mortgage who acquire[d] title to a parcel by foreclosure or by deed in lieu of foreclosure"[1] under section 720.3085(2)(c), Fannie Mae does *indirectly* benefit from the safe harbor provision because, under section 720.3085(2)(b), it is jointly and severally liable with the prior parcel owner, CitiMortgage, for all unpaid assessments due up to the time of transfer of title, and CitiMortgage did qualify for the safe harbor provision.

---

[1] Stated plainly, Fannie Mae was never a holder of the first mortgage, and it acquired title to the property by deed from CitiMortgage only *after* CitiMortgage acquired title to the property by foreclosure.

CitiMortgage qualified for the safe harbor provision because (1) it was the successor or assignee of the first mortgagee, (2) it initially joined the Association as a defendant in the underlying foreclosure action, and (3) it acquired title to the property by foreclosure. Notably, in this appeal, the Association does not raise any argument challenging CitiMortgage's entitlement to the safe harbor provision.

The Association incorrectly reads section 720.3085(2)(c) in isolation, ignoring the interpretive principle that statutes must be read as a whole. *See, e.g., Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 898 (Fla. 2002). The Association overlooks that, under section 720.3085(2)(b), Fannie Mae's liability was coextensive with that of CitiMortgage for all unpaid assessments that were due up to the time of transfer of title. In other words, CitiMortgage's entitlement to the safe harbor protection of section 720.3085(2)(c) is relevant to determining the amount of Fannie Mae's "joint and several liability" with CitiMortgage under section 720.3085(2)(b). Thus, when Fannie Mae acquired title to the property from CitiMortgage, it became jointly and severally liable with CitiMortgage for all unpaid assessments owed by CitiMortgage at the time of transfer of title.

In sum, CitiMortgage qualified for the safe harbor provision of section 720.3085(2)(c), and Fannie Mae is jointly and severally liable with CitiMortgage for all unpaid assessments that came due up to the time of transfer of title to Fannie Mae.

None of the Association's other arguments merit reversal of the summary judgment. However, we remand for the trial court to correct the final judgment to reflect that Fannie Mae's liability for assessments is limited to $1,036,[2] which is the safe harbor amount under section 720.3085(2)(c)2.,[3] plus (a) all assessments that came due while Fannie

---

[2] The final judgment incorrectly states that 1% of the original mortgage debt is $1,306.

[3] It was unnecessary for Nationstar to present evidence of the "unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title . . . ." § 720.3085(2)(c)1., Fla. Stat. (2011). The safe harbor amount is calculated by taking the *lesser* of: (1) unpaid common expenses and assessments that came due during the 12 months immediately preceding the acquisition of title; or (2) 1% of the original mortgage debt. Thus, even if the 1% of the original mortgage debt were the greater of the two figures, using the 1% of the original mortgage debt as the safe harbor amount would not prejudice the Association because it would overstate the safe harbor amount to the Association's benefit.

4

Mae was the parcel owner, and (b) *all* unpaid assessments (not merely unpaid *monthly* assessments) that came due after CitiMortgage took title to the property up to the time of transfer of title to Fannie Mae.  *See* § 720.3085(2)(a), (b), Fla. Stat. (2011).

    *Affirmed and Remanded.*

MAY and KUNTZ, JJ., concur.

*      *      *

    ***Not final until disposition of timely filed motion for rehearing.***