NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD DAVID JONES,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>GRAND CANYON UNIVERSITY; et al.,<br><br>    Defendants-Appellees. | No. 17-15805<br><br>D.C. No. 2:16-cv-04374-DGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 15, 2017**

Before:   CANBY, TROTT, and GRABER, Circuit Judges.

 Ronald David Jones appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law violations.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal

under Federal Rule of Civil Procedure 12(b)(6). *Skilstaf, Inc. v. CVS Caremark*

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). We affirm.

The district court properly dismissed Jones's 42 U.S.C. § 1983 claims because Jones failed to allege facts sufficient to show that defendants acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983 a plaintiff must show that the alleged deprivation was committed by a person acting under color of state law); *Rendell-Baker v. Kohn*, 457 U.S. 830, 839-43 (1982) (a privately owned school is not a state actor for purposes of § 1983).

The district court properly dismissed Jones's federal discrimination claims because Jones failed to allege facts sufficient to state any plausible claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (setting forth elements of a claim under the Age Discrimination in Employment Act); *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir. 1997) (setting forth elements of a discrimination claim under Title VII); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996) (setting forth elements of a discrimination claim under the American with

17-15805

Disabilities Act).

The district court properly dismissed Jones's claim under the Florida Civil Rights Act ("FCRA") because Jones failed to file his complaint with the Florida Commission on Human Relations ("FCHR") prior to filing this action. *See Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So.2d 891, 894 (Fla. 2002) (filing a complaint with the FCHR is a prerequisite to bringing a civil action based upon an alleged violation of the FCRA).

We reject as unsupported by the record Jones's contentions that service of Grand Canyon University's motion to dismiss was untimely and that defendants' answering brief was untimely filed.

**AFFIRMED.**