[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11770
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-00183-HLA-JBT


JOEL RAINEY,

                                                        Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INC.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 29, 2020)

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Joel Rainey appeals the district court's grant of summary judgment in favor of his former employer, United Parcel Service, Inc., on his age and disability discrimination claims under the Florida Civil Rights Act (FCRA). After a careful review of the record and the parties' briefs, we affirm.

I.

Rainey, who was born in 1960, worked for UPS from 1977 until he was terminated in 2013. On Friday, September 27, 2013, Rainey delivered three packages to Dialysis Clinic, Inc. of Southpoint (DCI) as part of his job as a package car driver for UPS. He delivered the first package during the afternoon, when DCI was still open. Rainey knew that he had a total of three boxes for DCI on his package car, but he could not find the other two boxes at the time of his first delivery there. He scanned the first package and delivered it to DCI's receptionist, who signed for it. He "prerecorded" the delivery of the remaining packages by leaving the electronic delivery record open so that he could add the other two boxes later.

That evening, Rainey located the two remaining boxes for DCI on his package car and returned to the business to deliver them. According to Rainey, DCI's door was locked but he saw people inside, so he knocked and left the packages outside the door. He then closed out the electronic delivery record that he had opened with the first package earlier that day. Adding the two packages

2

that were delivered in the evening to the earlier delivery record resulted in a single entry showing that all three boxes were delivered and signed for by DCI's receptionist at the time that Rainey closed out the delivery record (7:37 p.m.).

The following Monday, DCI complained to UPS about Rainey's Friday evening delivery.  According to DCI, the packages that were delivered Friday evening contained expensive medication that required refrigeration—one of the boxes was labeled "REFRIGERATE IMMEDIATELY."  The DCI office where Rainey had delivered the packages closed at 5:00 p.m., and no one was in the office when the boxes were left at the door at 7:37 p.m.  By the time the packages were discovered the following day, the caller from DCI said, the ice packs inside had completely thawed and $10,000 worth of medication was ruined.  The caller said that the driver must have forged the receptionist's signature because the receptionist left the office at 5:35 p.m. on Friday and could not have signed for the packages as the delivery record showed.

DCI's complaint was referred to Carlos Timmons, the business manager for the UPS station where Rainey worked.  Timmons spoke to Rainey about the complaint.  Rainey said that he had delivered DCI's package to the business between 3:00 and 7:00 p.m., and the receptionist had signed for it.  He denied signing for the package himself, and also denied that he had left any packages outside DCI's door.  Rainey did not tell Timmons that he had made a second

3

delivery to DCI after business hours.  During a second interview with Timmons, Rainey said that his electronic delivery record showed a later delivery time because he had not closed out the delivery until that evening.

DCI provided video from its security camera to Timmons.  The video was apparently very blurry, but it showed someone leaving boxes outside DCI's front door at about 7:33 p.m. on Friday, September 27, 2013.  Timmons believed that the person shown in the video was Rainey.

Timmons reviewed Rainey's disciplinary history and found that Rainey had been disciplined on two prior occasions for missing business deliveries and marking them "closed" or "not in."  He also saw that Rainey had been fired twice for dishonesty (and later reinstated with reduced discipline) by the station's former business manager.  Timmons decided to terminate Rainey for dishonesty for falsifying documents—that is, for making it appear as though DCI's receptionist had signed for all three packages at 7:37 p.m. after the business had closed.

Rainey filed a grievance contesting his discharge.  During the grievance proceedings, Rainey again denied forging the customer's signature but admitted that he had made a second delivery to DCI during the evening and had left the packages from the second delivery outside DCI's door.  Rainey's grievance was denied by a regional review board, and Rainey's termination for dishonesty became final.

4

Rainey filed an Equal Employment Opportunity Commission (EEOC) charge alleging that Timmons had discriminated against him based on his age (53 years old at the time of termination).  Rainey did not mark the box for disability discrimination on his EEOC charge, and his narrative description of his claim did not mention discrimination on the basis of disability.  No determination of cause was made within 180 days of Rainey's age discrimination charge being filed with the EEOC.

Rainey sued UPS under the FCRA, alleging that UPS had fired him because of his age and because of a disability related to his 2008 open heart surgery.  UPS removed the lawsuit to federal court on diversity jurisdiction grounds.  The district court granted UPS's motion for summary judgment, and Rainey now appeals.

II.

We review a district court's entry of summary judgment de novo.  *Hallmark Developers, Inc. v. Fulton Cty.*, 466 F.3d 1276, 1283 (11th Cir. 2006).  Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In determining whether there is a genuine dispute of material fact to defeat a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A genuine issue of material fact

5

exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

III.

The FCRA makes it unlawful to discharge an employee because of his age or handicap. Fla. Stat. § 760.10. Age discrimination claims brought under the FCRA are analyzed under the same framework as the Age Discrimination in Employment Act (ADEA), and FCRA handicap discrimination claims are analyzed under the same framework as the Americans with Disabilities Act (ADA). *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014).

A.

To prevail on an age discrimination case under the ADEA, the employee must prove by a preponderance of the evidence that his age was the "but-for" cause of his employer's adverse decision. *Id.* at 1270. Where the employee proffers circumstantial evidence to establish his ADEA claim, we apply the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* Under this framework, the employee must first establish a prima facie case of age discrimination by showing that "(1) he was a member of the protected group between the age of forty and seventy; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position from which he was discharged; and (4) he was qualified to do the job from which he was discharged."

6

*Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015).  If the employee makes out a prima facie case, the burden shifts to the employer to present evidence that its reasons for the adverse employment action were legitimate and nondiscriminatory.  *Id.*  If the employer does so, then the burden shifts back to the employee to show that the employer's reason was pretext for discrimination.  *Id.*  To establish that an employer's asserted reason for the adverse action was pretextual, the employee must show both that the stated reason was false and that discrimination was the real reason.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).

The parties disagree whether Rainey met his burden of proving a prima facie case of age discrimination.  Even assuming that he did so, however, he has failed to present any evidence that UPS's stated reason for firing him—the "cardinal sin" of dishonesty—was pretext for discrimination based on his age.

Rainey argues that we should infer discrimination from the fact that UPS did not reinstate him after he showed that DCI's receptionist had signed for the package he delivered in the afternoon, thus proving that he had not forged the receptionist's signature as DCI had alleged.  He also asserts that "prerecording" stops was an accepted practice at UPS.  He blames the damage to DCI's merchandise on improper package handling by other UPS employees, and he questions the value of the merchandise claimed by DCI.  But Rainey does not

7

contest UPS's evidence that he initially lied to Timmons by denying that he had left packages at DCI's door after hours, or that dishonesty is a ground for immediate termination.

Nor did Rainey present plausible evidence showing that his age was UPS's real reason for firing him. During his deposition, Rainey admitted that no one said that he was "old as dirt," as he had alleged in his amended complaint; instead, he assumed that his supervisors were saying that behind his back. He did not present any evidence that Timmons, the decisionmaker here, ever said anything to anyone about Rainey's age, or even that Timmons knew how old he was. Rainey argues that the fact that he was fired two months before he would have been eligible for an increase in his pension payments showed that he was fired because of his age. Without more, however, an employee's pension status is not enough to show age discrimination—even where the employee offers proof that the employer has treated him differently based on pension status (which Rainey has not done here), the employee must still present "sufficient evidence to show that the differential treatment was 'actually motivated' by *age*, not pension status." *Kentucky Ret. Sys. v. EEOC*, 554 U.S. 135, 148 (2008) (emphasis in the original) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). Because Rainey failed to present sufficient evidence to meet his burden of proving that he was fired because of his

age, the district court correctly granted summary judgment in favor of UPS on his age discrimination claim.

B.

Turning to Rainey's disability discrimination claim, we affirm the district court's entry of summary judgment in UPS's favor because Rainey failed to exhaust his administrative remedies as required by the FCRA.  As a prerequisite to bringing an employment discrimination claim under the FCRA, an employee must file a complaint with the Florida Commission on Human Relations or the EEOC within 365 days of the alleged FCRA violation.  Fla. Stat. § 760.11(1), (4), (8); *see Woodham v. Blue Cross & Blue Shield of Fla., Inc*., 829 So. 2d 891, 894 (Fla. 2002).  The complaint must set forth "a short and plain statement of the facts describing the violation and the relief sought."  Fla. Stat. § 760.11(1).  If the administrative body either determines that there is "reasonable cause to believe that a discriminatory practice has occurred" or fails to reach a decision within 180 days after the employee files his complaint, then the employee may file a civil action. Fla. Stat. § 760.11(4), (8).

There is no dispute that Rainey's EEOC charge does not contain an allegation of discrimination on the basis of disability.  Rainey claims that he called the EEOC after submitting his charge and asked the employee who answered the phone to add a disability claim by checking the appropriate box on his complaint

9

form.  He admits, however, that no addition was ever made to his EEOC charge, which alleged only age discrimination.  We conclude that Rainey's FCRA claim for discrimination on the basis of handicap was properly dismissed because Rainey failed to comply with the FCRA's prerequisites before filing a lawsuit against his former employer.

## IV.

For the reasons discussed above, the district court committed no error in granting summary judgment to UPS on Rainey's FCRA claims. We therefore affirm the district court's order.

**AFFIRMED.**