797 So.2d 11 (2001)
Peggy S. CISKO, Appellant,
v.
PHOENIX MEDICAL PRODUCTS, INC., Appellee.
No. 2D00-3113.
District Court of Appeal of Florida, Second District.
July 27, 2001.
Rehearing Denied September 7, 2001.
Douglas L. Wilson of the Wilson Law Firm, Naples, for Appellant.
Cathy S. Reiman and Jason H. Korn of Cummings & Lockwood, Naples, for Appellee.
Archibald J. Thomas, III, Jacksonville, for the National Employment Lawyers Association, Amicus Curiae.
*12 PARKER, Acting Chief Judge.
Peggy S. Cisko appeals the trial court's order granting final summary judgment in favor of Phoenix Medical Products, Inc. (Phoenix). Cisko argues that the Equal Employment Opportunity Commission's (EEOC) Dismissal and Notice of Rights did not amount to a determination under the Florida Civil Rights Act of 1992 (the Act) which would require her to seek review of the EEOC's findings by the Florida Commission on Human Relations (FCHR). We agree and reverse. We reject the remainder of Cisko's arguments on appeal.
In July 1998 Cisko filed complaints of discrimination against Phoenix with the FCHR and the EEOC. The complaints were identical and alleged sexual harassment. Pursuant to an EEOC/FCHR workshare agreement, Cisko received a letter from the FCHR informing her that her complaint had been referred to the EEOC for processing and investigation.[1]
In March 1999 Cisko received EEOC Form 161, a printed form signed by an EEOC district director, entitled "DISMISSAL AND NOTICE OF RIGHTS." The form, in part, stated: "THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON." Listed below that language were ten boxes, each of which contained accompanying reasons why the EEOC was closing its file. Cisko's form contained an "X" in a box with the following accompanying language:
The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
On December 30, 1999, Cisko filed a civil action in circuit court against Phoenix. Phoenix filed a motion for summary judgment arguing that Cisko failed to exhaust her administrative remedies under the Act and was thus precluded by statute from filing a civil action. The trial court granted a final summary judgment dismissing Cisko's complaint with prejudice. We conclude that was error.
As a prerequisite for bringing a civil action based upon an alleged violation of the Act, a claimant must follow the specific administrative procedures of section 760.11, Florida Statutes (1997). That statute requires the claimant to first file a complaint with the FCHR within 365 days of the alleged violation. § 760.11(1), Fla. Stat. (1997). Thereafter, if the FCHR determines that there is a "reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred," the claimant may either bring a civil action or request an administrative hearing. § 760.11(4), Fla. Stat. (1997). However, in the situation where the FCHR determines that there is not "reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred," the claimant must request an administrative hearing within thirty-five days or the claim will be barred. § 760.11(7), Fla. Stat. (1997). If the FCHR does not decide whether there is reasonable cause on a complaint within 180 days of the filing of the complaint, the claimant may file a civil *13 action at any point thereafter before the applicable statute of limitations expires. § 760.11(8), Fla. Stat. (1997).
In this case, Cisko failed to request an administrative hearing within thirty-five days after she received the Dismissal and Notice of Rights and instead filed a civil action in the circuit court. The trial court found that the Dismissal and Notice of Rights was a determination that there was not reasonable cause to believe that a violation of the Act had occurred and that Cisko was barred from filing a civil action because she failed to request an administrative hearing within thirty-five days. Cisko argues that the EEOC's Dismissal and Notice of Rights did not amount to a determination under the Act which would require her to seek review of the EEOC's findings by the FCHR. Cisko asserts that she was therefore authorized to file a civil action under section 760.11(8) because the FCHR did not decide whether there was reasonable cause to support her complaint and she filed the civil action after the FCHR's 180 day determination period.[2]
The issue in this case is whether the EEOC's finding that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes" is a finding that there is not reasonable cause to believe that a violation of the Act has occurred which would trigger the thirtyfive-day restriction in section 760.11(7). Under section 760.01(3), Florida Statutes (1997), "[t]he Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved." The general purposes of the Act are
to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.
§ 760.01(2), Fla. Stat. (1997).
A "liberal construction" of section 760.11(7) requires a specific finding of lack of reasonable cause before an individual is stripped of her right of access to the courts for redress against discrimination. An indication by the EEOC that it was "unable to conclude" that there was a violation of the Act does not rise to the level of a finding that the EEOC did not have reasonable cause to believe that a violation occurred. This finding could reasonably be interpreted as indicating that the EEOC did not have sufficient information from which to make a determination. It does not definitively state that the complaint is being dismissed because it does not have merit. The additional language which explains that "[n]o finding is made as to any other issues that might be construed as having been raised by this charge" adds to the confusion regarding *14 whether the EEOC's action is final. Furthermore, EEOC Form 161 does not inform a claimant of what rights she possesses upon dismissal of her complaint.[3]
Thus, we conclude that the EEOC's finding that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes" does not amount to a finding that there is not reasonable cause to believe that a violation of the Act has occurred. Without such a finding, Cisko is not bound by the thirtyfive-day restriction in section 760.11(7). The only restriction on Cisko's civil action was that she file her civil action after the FCHR's 180-day determination period expired, but before the applicable statute of limitations expired.[4] Neither party disputes that Cisko complied with this restriction. Accordingly, the trial court erred in granting final summary judgment, and Cisko should be allowed to proceed with her civil action.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] The FCHR delegates its power to make a determination which disposes of rights under the Act pursuant to section 760.11(2), Florida Statutes (1997), and Florida Administrative Code Rule 60Y-5.002. We find Cisko's challenge to the FCHR's authority to delegate without merit.
[2] Cisko also argues that, even if the EEOC's Dismissal and Notice of Rights constituted a finding of no reasonable cause, she was authorized under section 760.11(8), Florida Statutes (1997), to file a civil action because the finding was not issued within 180 days. Because our determination that the Dismissal and Notice of Rights did not amount to a reasonable cause determination renders this issue moot, we decline to address whether a determination made after the FCHR's 180-day determination period is sufficient to trigger the thirty-five-day restriction for claimants in section 760.11(7), Florida Statutes (1997).
[3] We reject Phoenix's argument that the FCHR's letter informing Cisko that her complaint had been delegated to the EEOC provided sufficient notice that the Dismissal and Notice of Rights constituted a finding that there was not reasonable cause to believe that a violation of the Act had occurred. The letter merely informed Cisko that she had thirty-five days from the EEOC's letter of determination to seek review of the EEOC's findings. It did not clarify whether the Dismissal and Notice of Rights constituted a "determination" which would trigger the thirty-five-day restriction.
[4] In this case, the applicable statute of limitations was four years. § 95.11(3)(f), Fla. Stat. (1997).