805 So.2d 940 (2001)
Barbara JONES, Appellant,
v.
LAKELAND REGIONAL MEDICAL CENTER, Appellee.
No. 2D01-290.
District Court of Appeal of Florida, Second District.
November 9, 2001.
Rehearing Denied January 17, 2002.
Merette L. Oweis of Dicesare, Davidson & Barker, P.A., Lakeland, for Appellant.
Peter W. Zinober and Luisette M. Gierbolini of Zinober & McCrea, P.A., Tampa, for Appellee.
PARKER, Judge.
Barbara Jones seeks review of the trial court's order granting Lakeland Regional Medical Center's (Lakeland Regional) motion to dismiss and dismissing with prejudice her employment discrimination action. We find merit in Jones's argument that the trial court erred in finding that the dismissal and notice of rights issued by the Equal Employment Opportunity Commission (EEOC) precluded Jones from filing a *941 civil claim under the Florida Civil Rights Act of 1992 (the Act).[1] Accordingly, we reverse.
In this case, the trial court found that the dismissal and notice of rights issued by the EEOC was a "no cause" finding which would require Jones to seek review of the EEOC's findings with the Florida Commission on Human Relations (FCHR) pursuant to the Act. See § 760.11(7), Fla. Stat. (1997) (stating that when a "no cause" finding is issued the claimant must request an administrative hearing within thirty-five days or the claim will be barred). The trial court granted Lakeland Regional's motion to dismiss on the basis that Jones failed to exhaust her administrative remedies under section 760.11(7). However, this court has recently evaluated the form at issue and has concluded that the notice and dismissal of rights does not amount to a "no cause" finding under the Act. Cisko v. Phoenix Med. Prods., Inc., 797 So.2d 11 (Fla. 2d DCA 2001). Thus, Jones had no duty to seek review with the FCHR and should be allowed to proceed with her civil claim. We reject Jones's challenge to the FCHR's authority to delegate to the EEOC its power to make a determination under the Act. Id. at 12 n. 1.
In addition, the record in this case reflects that the FCHR never entered its determination in the case. The trial court's order stated that the EEOC's adverse determination had the same effect as an adverse determination by the FCHR and, unless and until reversed by the FCHR, the EEOC's determination barred Jones's claim. We conclude that portion of the trial court's order was also error.
The explicit language of the 1999 "Worksharing Agreement" between the FCHR and the EEOC, which is applicable to this case, states that each agency will make its own findings. Page 3, paragraph G of the Worksharing Agreement[2] states:
[T]he EEOC agrees to provide the [FCHR] with notice of its final actions on all dual filed charges. The [FCHR] agrees to timly [sic] issue its final action and Notice of Right to sue, as appropriate, upon receipt of each of EEOC's acceptable final action notices.
The language of this Worksharing Agreement states that the FCHR will issue its own findings, agreeing with the EEOC only if it is acceptable to the FCHR. The language is clear and is contrary to the trial court's finding that the EEOC's adverse determination had the same effect as an adverse determination by the FCHR. Thus, we reverse the trial court's order.
Reversed.
BLUE, C.J., and FULMER, J., Concur.
NOTES
[1] §§ 760.01-760.11, Fla. Stat. (1997).
[2] This is a new provision that was added to the 1999 Worksharing Agreement; the 1998 agreement did not contain this provision.