PER CURIAM.
We reverse the order dismissing appellant’s complaint to the Florida Commission on Human Relations (FCHR) for lack of subject matter jurisdiction.
Appellant filed a complaint of discrimination and retaliation with the FCHR within 865 days of the alleged violation, according to the date contained in the complaint. See § 760.10(1), Fla. Stat. (2012). FCHR requested and received a response from the appellee. In that response, ap-pellee noted that appellant had filed a similar complaint with the Equal Employment Opportunity Commission (EEOC), and the EEOC had issued an order in which it was unable to conclude that the information received constituted a violation of any statutes. The appellee also included all of its own investigation of the EEOC complaint, noting that the newly filed FCHR complaint was based upon the same allegations. Shortly after receiving the complaint, FCHR issued an order dismissing the complaint for lack of subject matter jurisdiction without explaining the legal basis.
The appellee has not filed a brief in this case, and we have been unable to determine from our review of the law why it claims FCHR lacks subject matter jurisdiction. All we have is a timely filed complaint alleging racial discrimination and a response from the appellee. Its subject matter is within the purview of the FCHR. It may be that, given the dual filing, the FCHR could adopt the same ruling as the EEOC,[1] but that does not equate to lack of subject matter jurisdiction.[2]
We thus reverse the order of dismissal and remand for further proceedings.
WARNER, GROSS and LEVINE, JJ., concur.

. A determination by the EEOC is not a determination by the FCHR. See Jones v. Lakeland Reg’l Med. Ctr., 805 So.2d 940, 941 (Fla. 2d DCA 2001).

. FCHR may not be required to conduct a completely new investigation of the complaint, due to the previously filed complaint and the application of a "Worksharing Agreement” between FCHR and the EEOC. See, e.g., Jones, 805 So.2d at 941; see also Segura v. Hunter Douglas Fabrication Co., 184 F.Supp.2d 1227, 1232-42 (M.D.Fla.2002) (Worksharing agreement in opinion's appendix).