[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11796
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-14341-RLR

JASON DAVIS,

                                                        Plaintiff - Appellant,

versus

BOB EVANS FARMS, LLC,
VIGEN AVANES,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 13, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Davis appeals following the district court's order granting summary judgment to defendant Bob Evans Farms, LLC ("Bob Evans") on Davis's discrimination claim arising under the Florida Civil Rights Act ("FCRA"),  Fla. Stat. §§ 760.01 *et seq.*, for failure to exhaust administrative remedies.  After careful consideration, we affirm.

## I.

Davis filed a complaint against his former employer, Bob Evans, and his former superior, Vigen Avanes, in Florida state court.  His complaint contained two claims:  (1) a state-law claim against Bob Evans for disparate treatment on account of sex and (2) a state-law claim against Avanes for defamation.  Bob Evans removed the action to federal court on the basis of diversity jurisdiction. The notice of removal alleged that Davis was a resident of Florida, that Bob Evans was an Ohio limited liability company, and that Bob Evans's parent company was a Delaware corporation with its principal place of business in Ohio.  Neither the complaint nor the notice of removal specified Avanes's citizenship.

Davis subsequently filed an amended complaint in the district court, alleging claims against Bob Evans under both the FCRA and 42 U.S.C. § 1981 for

2

disparate treatment on account of sex.  The amended complaint also retained Davis's claim against Avanes for defamation.

Bob Evans filed a motion to dismiss the amended complaint, arguing that the district court should dismiss Davis's FCRA claim because he had failed to exhaust his administrative remedies and his § 1981 claim because § 1981 applies to claims of discrimination on account of race, not sex.  In response to that motion, Davis conceded that he had failed to state a claim under § 1981 because it prohibits only racial discrimination.  He continued, however, to dispute Bob Evans's contention that he had failed to exhaust the administrative remedies for his FCRA claim.

Following a hearing on the motion to dismiss, the district court noted that Davis had withdrawn his § 1981 claim and, as a result, denied as moot Bob Evans's motion to dismiss that claim.  It then turned to Davis's FCRA claim.  With the consent of both parties, the district court converted Bob Evans's motion to dismiss into a motion for summary judgment, which the court granted.  The court also remanded Davis's defamation claim to Florida state court.  In an order memorializing this ruling, the court specified that Davis's FCRA claim was barred because Davis had failed to exhaust his administrative remedies before filing suit. Davis filed a timely notice of appeal.

On appeal, Davis raised two arguments:  (1) the district court lacked subject matter jurisdiction to hear his lawsuit because the parties were not completely

3

diverse, and (2) the district court erred in granting Bob Evans summary judgment on his FCRA claim for failure to exhaust administrative remedies. In response to Davis's first argument, Bob Evans filed a motion to correct its notice of removal to cure its defective jurisdictional allegations or, in the alternative, remand the case to the district court to determine the citizenship of the parties. A panel of this court denied the motion as unnecessary after determining that the district court had federal question jurisdiction when it entered judgment in Bob Evans's favor. Thus, the only issue remaining on appeal is whether the district court erred in granting summary judgment to Bob Evans on Davis's FCRA claim. We conclude that it did not.

## II.

"We review the district court's grant of summary judgment *de novo*, applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005) (internal quotation marks omitted). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "We also review the district court's interpretation of a statute and the application of law *de novo*." *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1302 (11th Cir. 2008).

4

The FCRA "provides for a private right of action for violation of any Florida discrimination statute." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1204 (11th Cir. 2007). As a prerequisite to bringing such an action, however, a claimant must follow the specific administrative procedures set forth in § 760.11. These procedures require claimants to first file a complaint with the Florida Commission on Human Relations ("Commission") within 365 days of the alleged violation. Fla. Stat. § 760.11(1). If the Commission determines that there is "reasonable cause to believe that a discriminatory practice has occurred in violation of the [FCRA]," the claimant may either bring a civil action or request an administrative hearing. *Id.* § 760.11(4). If, however, the Commission issues a "no cause" determination concluding that there is no reasonable cause to believe a violation has occurred, "the claimant must request an administrative hearing within thirty-five days or the claim will be barred." *Cisko v. Phx. Med. Prods., Inc.*, 797 So. 2d 11, 12 (Fla. Dist. Ct. App. 2001); *accord* Fla. Stat. § 760.11(7). "If the [Commission] does not decide whether there is reasonable cause on a complaint within 180 days of the filing of the complaint, the claimant may file a civil action at any point thereafter before the applicable statute of limitations expires." *Cisko*, 797 So. 2d at 12-13; *accord* Fla. Stat. § 760.11(8).

The parties disagree about whether Davis properly followed these procedures. As required by the FCRA, Davis, with the assistance of counsel, filed

5

a sex discrimination charge with the Commission against Bob Evans alleging essentially the same facts that he later alleged in his amended complaint. After 174 days, the Commission issued a no cause determination finding that no reasonable cause existed to believe that an unlawful employment practice had occurred and notifying Davis that his charge would be dismissed unless he requested an administrative hearing. This notice was mailed to Davis's residence. Davis's attorney never received a copy, although Davis does not dispute that he personally received the determination. When Davis subsequently failed to request an administrative hearing within 35 days, the Commission issued a notice of dismissal disposing of his charge.

Davis's attorney contacted the Commission to request rescission of the dismissal. The Commission acceded to the request and rescinded the notice of dismissal, noting that it inadvertently had issued the notice of dismissal to Davis and not his legal representative. The Commission then reissued the underlying no cause determination, 237 days after Davis filed his initial charge. Davis elected not to request an administrative hearing in response to the new determination, however, opting instead to file suit in state court. As a result, the Commission issued a second notice of dismissal of Davis's charge.

Bob Evans contends, and the district court ultimately concluded, that because Davis never responded to the Commission's second notice of dismissal

6

with a request for an administrative hearing, he failed to exhaust his administrative remedies and was barred under § 760.11(7) from filing a claim in state or federal court.  We agree.  In interpreting the FCRA's requirements, we "first look at the actual language used in the statute."  *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 897 (Fla. 2002).  We are also "guided by the [Florida] Legislature's . . . directive that the [FCRA] be liberally construed in reaching our decision."  *Id.* (internal quotation marks omitted).  If, however, "the [statutory] language is clear and unambiguous, there is no need to resort to the rules of statutory construction; the statute must be given its plain and obvious meaning."  *Conservation All. of St. Lucie Cty. Inc. v. Fla. Dep't of Envtl. Prot.,* 144 So. 3d 622, 624 (Fla. Dist. Ct. App. 2014) (internal quotation marks omitted).

As a general matter, the text of the FCRA is clear:  a claimant who receives a no cause determination from the Commission and fails to request an administrative hearing is barred from subsequently pursuing that claim in court.  Fla. Stat. § 760.11(7); *see also Sheely*, 505 F.3d at 1205.  Davis argues, however, that because the Commission failed to render a decision within the allotted 180 days, he was entitled to pursue his claim in state court.  Fla. Stat. § 760.11(8).  Davis supports this contention in two ways.  First, he argues that, because the Commission's initial determination was sent to his residence rather than to his attorney, it was defective and failed to satisfy the requirements of the FCRA.  *Id.*

7

Second, he contends that even if the initial notice he received satisfied the FCRA's requirements, it "became moot when the Commission chose to rescind its order of dismissal and amend its determination." Appellant Br. at 22. In essence, Davis argues that the Commission's true determination was the amended one sent after the expiration of the 180 day deadline.

The problem with both these arguments is that neither finds any support in the text of the FCRA. Even assuming Davis is correct that the Commission was required to notify his attorney of its determination, nothing in the FCRA's text supports the inferential leap that the Commission's issuing notice of its determination to the claimant himself within the 180 day window failed to satisfy the Commission's obligation to render a timely decision. The Commission need only "conciliate or determine whether there is reasonable cause on any complaint . . . within 180 days of the filing of the complaint" to bar a claimant who fails to request an administrative hearing from filing a civil action. Fla. Stat. § 760.11(8). This broad language requires only that the Commission *make a determination* within 180 days. The Commission did just that, as reflected in the initial determination sent to Davis. Although the Commission is required to notify the claimant of its determination, nothing in the FCRA expressly requires that a claimant (or his attorney) *receive notice* of the Commission's determination within the 180 day timeframe.

8

Davis's second contention fails for much the same reason.  True, the Commission rescinded its initial notice of dismissal and issued an amended determination outside of the 180 day window.  But prior to doing so, it had issued a determination regarding "whether there [was] reasonable cause on [Davis's] complaint . . . within 180 days of the filing of [his] complaint," which is all the FCRA requires.  Fla. Stat. § 760.11(8).   And although the Commission did issue an amended determination, it never rescinded its initial determination of no reasonable cause.  It only rescinded its notice of dismissal.

Davis might have a stronger argument if the Commission had altered, in some substantive way, its decision in the amended determination.  *Cf. Gitlitz v. Compagnie Nationale Air Fr.*, 129 F.3d 554, 557 (11th Cir. 1997) (finding that plaintiff's receipt of a second right to sue letter on his federal age discrimination claim did not extend the deadline to file suit in district court because the second letter did not alter the substance of the original determination).  But the Commission's amended determination was the same as its initial conclusion that no reasonable cause existed to believe that Bob Evans had committed an unlawful employment practice against Davis.  We thus reject Davis's argument that the Commission's amended determination somehow implicitly nullified its initial determination for purposes of deciding whether the Commission issued a timely decision.

9

Lastly, we note that by issuing an amended determination the Commission in no way impeded Davis from pursuing his claim. Davis never contends that he lacked adequate notice and opportunity to request an administrative hearing following the Commission's determination. To the contrary, he received actual notice of the Commission's initial determination and failed to request a hearing within 35 days. Acknowledging that it should have notified Davis's attorney, the Commission gave him yet another opportunity when it issued an amended determination that reset the 35 day deadline. Despite this second chance, Davis and his counsel elected not to request a hearing. Davis points to no circumstances that prevented him from making such a request. Presumably, he declined to request a hearing believing that, because the 180 day window in which the Commission had to make a determination had expired, he had no obligation to do so. A misconception of law, however, does not excuse a claimant from the clear requirements of the FCRA.

## III.

Upon review of the record and consideration of the parties' briefs, we conclude that the district court committed no error in granting summary judgment to Bob Evans on Davis's FCRA claim. We therefore affirm the district court's order.

**AFFIRMED.**

10