# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-2932
_____

SHAZET DAVIS,

Appellant,

v.

BIG BEND HOSPICE, INC.,

Appellee.

_____


On appeal from the Circuit Court for Leon County.
Lee Marsh, Judge.


August 20, 2025


WINOKUR, J.

Shazet Davis filed an employment discrimination suit against her former employer, Big Bend Hospice, following her termination. The trial court granted summary judgment in Big Bend Hospice's favor, finding that the action was time-barred. But because Davis' cause may still accrue under section 760.11(8), Florida Statutes, we reverse.

I

Davis was working for Big Bend Hospice when she underwent open heart surgery in October 2019, and was on medical leave afterward. Davis' leave expired on January 2, 2020. When she did

not return to work by February 3, 2020, Big Bend Hospice terminated her employment.

On December 9, 2020, Davis filed a discrimination complaint both with the Equal Employment Opportunity Commission (EEOC) and with the Florida Commission on Human Relations (commission or FCHR), alleging discrimination based on her disability—her health condition after the surgery. On August 12, 2021, the EEOC issued to Davis a "Dismissal and Notice of Rights" letter, commonly known as a "right-to-sue letter," which dismissed her charge as untimely. The FCHR did not provide Davis with its own notice dismissing Davis' complaint before it.

Davis initiated the underlying action on December 8, 2022—483 days after receiving the EEOC's right-to-sue letter. Her civil action alleged a single count of disability discrimination. Big Bend Hospice moved to dismiss the action or in the alternative for summary judgment, arguing that section 760.11(8) required Davis to file her civil complaint within one year from the date of the EEOC right-to-sue letter, which meant that the action was time-barred. Davis argued that the right-to-sue letter could not serve as notice under section 760.11(8) because the EEOC is not the FCHR or acting on its behalf as "the commission," as the term is defined in section 760.02(2), Florida Statutes. Hence, she argued, the four-year limitation period set out in section 95.11(3)(e), Florida Statutes, applied, as held by *Joshua v. City of Gainesville*, 768 So. 2d 432 (Fla. 2000).

The trial court denied Big Bend Hospice's motion to dismiss, but it agreed that the action was time-barred under section 760.11(8) and granted summary judgment. After the court denied rehearing, Davis appealed.

II

We review the trial court's grant of summary judgment de novo. *See Kimbrel v. Clark*, 385 So. 3d 1124, 1127 (Fla. 1st DCA 2024) (citing *Carter Dev. of Mass., LLC v. Howard*, 285 So. 3d 367, 370 (Fla. 1st DCA 2019)). Likewise, we review a statute's interpretation de novo. *See Fagan v. Jackson Cnty. Hosp. Dist.*, 379 So. 3d 1213, 1215 (Fla. 1st DCA 2024) (citing *Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999)).

2

III

Davis argues three reasons the trial court erred in granting summary judgment.

(1) FCHR did not comply with the requirements of section 760.11(8);

(2) The trial court disregarded *Joshua*, which controls the outcome; and

(3) The trial court incorrectly relied on *Aleu v. Nova Southeastern Univ., Inc.*, 357 So. 3d 134 (Fla. 4th DCA 2023), which reached a wrong conclusion of law.

While we disagree that *Joshua* controls, we agree with Davis that the FCHR did not comply with the statute and that *Aleu* incorrectly applies the statute. Accordingly, we certify conflict with *Aleu*.

A

Under the Florida Civil Rights Act of 1992 (FCRA), a person has several options available after the filing of a discrimination charge with FCHR. First, if FCHR finds that reasonable cause exists, the aggrieved person may file either a civil or administrative action. *See* § 760.11(4), Fla. Stat. Second, if the FCHR finds that no reasonable cause exists, the aggrieved person may then seek an administrative review. *See* § 760.11(7), Fla. Stat. And third, if the FCHR takes no action on a complaint within 180 days, the aggrieved person may operate *as if* the FCHR found reasonable cause and proceed under section 760.11(4). *See* § 760.11(8)(a), Fla. Stat. Here, the FCHR took no action, so subsection (8) applies. Section 760.11(8) reads as follows:

> If the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days after the filing of the complaint:
>
> (a) An aggrieved person may proceed under subsection (4) as if the commission determined that there was reasonable cause.

3

(b) The commission *shall* promptly notify the aggrieved person of the failure to conciliate or determine whether there is reasonable cause. The notice *shall* provide the options available to the aggrieved person under subsection (4) and inform the aggrieved person that he or she *must* file a civil action within 1 year *after* the date the commission certifies that the notice was mailed.

(c) A civil action brought by an aggrieved person under this section *must* be commenced within 1 year *after* the date the commission certifies that the notice was mailed pursuant to paragraph (b).

(emphasis supplied). Note that when FCHR fails to act on the complaint, it *must* "promptly notify" the aggrieved person of the right to proceed under subsection (4). *See* § 760.11(8)(b)–(c), Fla. Stat.

The statute establishes clear directions and deadlines when FCHR makes a timely determination. But how these subsections establish a deadline for filing suit when FCHR does *not* determine reasonable cause within 180 days is less clear. Indeed, the parties advance differing analyses regarding the operation of section 760.11(8), which we address in turn.

Davis' reading of section 760.11(8) incorporates *Joshua*. *Joshua* held that "the statute of limitations for causes of action based on statutory liability, section 95.11(3)(f), applies . . . where the Commission has not made a reasonable cause determination within 180 days." 768 So. 2d at 439. According to Davis, when the FCHR does not act within the prescribed 180 days and does not furnish notice to the aggrieved person (complainant), the limitation period applicable to statutory liability applies, in accordance with *Joshua*.

Under Davis' reading, until the FCHR certifies that it has provided a complainant with notice of why it did not act within the required 180 days, a complainant is subject to section 95.11(3)(e)'s four-year limitation period, starting on the 181st day after the filing of a discrimination complaint with the FCHR.

4

Conversely, Big Bend Hospice contends that section 760.11(8) means that a complainant may pursue a civil action in circuit court as soon as the 180-day deadline passes with no determination from FCHR. At oral argument, Big Bend Hospice added that if we agreed with Davis that the EEOC right-to-sue letter did not satisfy section 760.11(8)(b)–(c), it would mean that a complainant has an indefinite period of time to file suit. And only after notice is provided by the Commission does the indefinite period revert to the one-year period provided in section 760.11(8). *See* § 760.11(8)(b)–(c), Fla. Stat.

We find both readings lacking.

B

Again, the supreme court in *Joshua* held that the four-year limitation period of section 95.11(3)(f) (now paragraph (3)(e)) applies where FCHR has not made a reasonable cause determination within 180 days. 768 So. 2d at 439. However, *Joshua* provides limited utility today because section 760.11(8) was amended in 2020 to address the issue raised there.

When *Joshua* was decided, section 760.11(8) read as follows:

> In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.

§ 760.11(8), Fla. Stat. (1995). Nowhere in section 760.11(8) did the Legislature provide a limitation for the filing of an action. Only subsections (4) and (5) set forth a one-year limitation. *See* § 760.11(5), Fla. Stat. (1995). Moreover, FCHR had no affirmative duties if it did make a reasonable cause determination from which a limitation period could begin. Thus, it is understandable why the supreme court chose to apply the limitation period found in section 95.11(3)(f) to section 760.11(8).

In 2020, however, the Legislature amended section 760.11(8), *see* ch. 2020-153, § 3, Laws of Fla., to read as indicated above in

Section III A. The statute now requires the FCHR to notify complainants of their options—that is, to proceed under subsection (4) and file a civil or administrative complaint—after 180 days have lapsed with no agency action. *See* § 760.11(8)(b), Fla. Stat. (2020). It also provides a limitation when a complainant decides to initiate a civil suit—one year from the date the notice is received. *See* § 760.11(8)(c), Fla. Stat. (2020).

The specific inclusion of a limitation into section 760.11(8) negates the need for *Joshua* because the concern the supreme court had is no longer at issue. Now, complainants know when the administrative process has concluded, allowing them to seek adminstrative or judicial remedies, in cases where the FCHR does not make a reasonable cause determination: when they receive notice from the FCHR. Thus, we disagree with Davis that *Joshua* applies, and hold that the only limitation applicable to actions filed after the effective date of section 760.11(8), Florida Statutes (2020) is the one-year limitation found in section 760.11(8)(c).

C

Our rejection of Davis' argument does not, however, mean that we accept Big Bend Hospice's interpretation of section 760.11(8). In this case, not only did FCHR fail to make a determination within 180 days, it failed to even provide the statutorily required notice indicating that it had failed to make a determination within 180 days. This matter was not addressed in *Joshua*.

When read in isolation, section 760.11(8)(a) appears to permit a complainant to file suit on the 181st day after filing of the complaint, if FCHR fails to act on the complaint in 180 days, and gives the complainant one year from that date to file suit. That is, paragraph (8)(a) permits the complainant to "proceed under subsection (4) as if the commission determined that there was reasonable cause," meaning that the right to file suit becomes effective on that date, and then paragraph (5) specifies that the complainant has one year to file suit. In short, under this view, if the FCHR does not reach a reasonable cause determination within 180 days, triggering section 760.11(8)(a), a complainant could file suit and be subject to a one-year limitation period from the 181st day. *See* § 760.11(8)(a), Fla. Stat.

But we cannot read paragraph (8)(a) in isolation. *See Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992) ("Every statute must be read as a whole with meaning ascribed to every portion and due regard given to the semantic and contextual interrelationship between its parts."). Paragraphs (8)(b) and (8)(c), both added in 2020, suggest a different outcome than paragraph (8)(a) alone may suggest. Paragraph (8)(b) establishes a ministerial duty on the part of FCHR, and paragraph (8)(c) creates a cause of action conditioned on FCHR's completion of that duty.[1] FCHR "*must* promptly notify the aggrieved person of the failure to conciliate or determine whether there is reasonable cause." § 760.11(8)(b), Fla. Stat. (emphasis supplied). And a complainant may bring a civil action "within 1 year *after* the date [FCHR] certifies that the notice was mailed pursuant to paragraph (b)." § 760.11(8)(c), Fla. Stat. (emphasis supplied).

Reading section 760.11(8) as a whole, we conclude that a complainant may proceed to file a civil suit *after* FCHR furnishes that complainant with notice that satisfies the requirements of section 760.11(8)(b). In other words, the administrative process is not exhausted, and a civil cause of action does not accrue, until FCHR complies with its ministerial duty to certify that it has served notice. Only then can a complainant seek a civil remedy. *See Sunbeam Television Corp. v. Mitzel*, 83 So. 3d 865, 873 (Fla. 3d DCA 2012) (noting that an individual seeking redress for discrimination in the workplace must "exhaust the administrative remedies provided by the Act before a civil action asserting discrimination may be brought." (citing § 760.11, Fla. Stat. (2010), and *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002))). The fact that FCHR failed to provide this notice in a "prompt" manner does not alter these requirements. We further note that "the EEOC's right-to-sue notice cannot operate to circumvent the administrative prerequisites of the FCRA."

---

[1] Because the certification is a ministerial duty to which an complainant has a clear legal right, the complainant may seek a petition for writ of mandamus for FCHR's breach of this duty. *See Polley v. Gardner*, 98 So. 3d 648, 649 (Fla. 1st DCA 2012) (setting out standards for entitlement to mandamus).

*Sheridan v. State, Dep't of Health*, 182 So. 3d 787, 793 (Fla. 1st DCA 2016).

This reading of section 760.11(8) may seem at odds with paragraph (8)(a). A complainant cannot be both subject to a one-year limitation period from the 181st day, *see* §§ 760.11(8)(a), 760.11(4), 760.11(5), Fla. Stat., and also a one-year limitation period from the date of the FCHR's notice. *See* § 760.11(8)(b)–(c). But these provisions can be harmonized. We conclude that a complainant may proceed as if reasonable cause has been determined by the FCHR when the commission does not act within 180 days but *only after* the FCHR has served the aggrieved person with the requisite notice under section 760.11(8)(b).

Thus, the trial court erred in granting Big Bend Hospice's motion for summary judgment because under section 760.11(8), Davis' claim was not time-barred. Because Davis is still waiting on FCHR to complete its ministerial duty of notification and certification, the administrative process has not yet been concluded.[2]

D

Davis also argues the trial court improperly relied on the Fourth District's decision in *Aleu*. We agree.

In *Aleu*, the complainant filed a discrimination complaint with the EEOC, and eventually the EEOC issued a right-to-sue letter. 357 So. 3d at 135. The *Aleu* court found that the right-to-sue letter acted as the FCHR's notice under section 760.11(8) and triggered the one-year limitation period of that subsection. *Id.* at 141. Because, unlike the complainant in *Joshua*, the complainant *had* received notice of the result of the investigation, the *Aleu* court held that *Joshua* did not apply. *Id.* at 141.

*Aleu* recognized that the FCRA expressly defines "the commission" *only* as FCHR. *See id.* at 137 (noting that the applicable statutes "refer to a determination by 'the commission'—

---

[2] Again, Davis' remedy for FCHR's failure to complete its statutory duties is mandamus. *See* note 1.

defined as the 'Florida Commission on Human Relations' in section 760.02(2), Florida Statutes (2015)[.]"). But despite this clear definition, the *Aleu* court concluded that "'the commission' in this context may include the EEOC[.]" *Id.* We disagree that we are free to substitute clear statutory terms in this manner.

Section 760.02(2) provides the sole definition that we require: FCHR is "the commission" as that term is used in chapter 760. *See* § 760.02(2), Fla. Stat. We cannot decide for ourselves what constitutes "the commission" simply because the identified statutory entity has failed to comply with its statutory duties. *See Seagrave v. State*, 802 So. 2d 281, 287 (Fla. 2001) ("[I]t is a basic principle of statutory construction that courts 'are not at liberty to add words to statutes that were not placed there by the Legislature.'" (citations omitted)).

The *Aleu* court justified its decision by reading a different part of section 760.11, which permits an aggrieved person to file a complaint with the EEOC "in lieu of" FCHR. *See* § 760.11(1), Fla. Stat. It thus concluded that "logically the determination of that complaint may be made by the EEOC under sections 760.11(3), (4)(a)–(b), (5), (7), and (8)." *Id.* at 138. We disagree.[3]

_____

[3] The *Aleu* court also held that *Woodham* supported its conclusion that the EEOC right-to-sue letter was sufficient to invoke the one-year limitation period. *Id.* at 138. We disagree for two reasons. First, *Woodham* preceded the 2020 amendments that explicitly require FCHR action when it makes no determination under section 760.11(8). And second, as the *Aleu* court acknowledged, the *Woodham* court declined to address whether "the EEOC determination [was] not binding on" the complainant because FCHR had not "adopt[ed] or ratifi[ed]" it. *Woodham*, 829 So. 2d at 893 n.1; *Aleu*, 357 So. 3d at 138 n.1. *Woodham* cannot bind us on a question the supreme court explicitly refused to consider.

Likewise, in *Steak N Shake, Inc. v. Ramos*, 50 Fla. L. Weekly S167a (Fla. July 10, 2025), the supreme court did not pass on the question we address today. Rather, it considered the specificity required in providing a plain statement of the discrimination

9

The provision cited by the *Aleu* court simply provides an alternate means to calculate the date of filing for the purpose of determining whether an administrative discrimination complaint is timely. See § 760.11(1), Fla. Stat. ("Any person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with [FCHR] within 365 days of the alleged violation. . . . The date the complaint is filed with [FCHR] for purposes of this section is the earliest date of filing with the [EEOC], the fair-employment-practice agency, or [FCHR]."). The "in lieu of" provision meets this specific purpose; it is not meant to permit FCHR to relinquish all of its statutory responsibilities to a federal agency. *See, e.g.*, *Mitchell v. Palm Beach Cnty. Sch. Bd.*, 127 So. 3d 707, 708 n.1 (Fla. 4th DCA 2013) ("A determination by the EEOC is not a determination by the FCHR." (citation omitted)); *Jones v. Lakeland Reg'l Med. Ctr.*, 805 So. 2d 940, 941 (Fla. 2d DCA 2001) (reiterating that an EEOC "notice and dismissal of rights does not amount to a 'no cause' finding [by the FCHR] under the [FCRA]" (citation omitted)).[4]

Because we disagree with the Fourth District that an EEOC right-to-sue letter may serve as FCHR notice under section

alleged in filings with the EEOC or FCHR for purposes of exhaustion. *See Ramos*, 50 Fla. L. Weekly S168–69. The supreme court did not address whether a right-to-sue letter from the EEOC is sufficient to exhaust Florida's administrative process. Thus, *Ramos*, too, fails to lend support to Davis' position.

[4] In spite of our disagreement with *Aleu*, the Fourth District's reasoning in *Mitchell* appears sound. There, the Fourth District correctly concluded—based on the same statutory language—that a determination by the EEOC is *not* a determination by the FCHR. *See Mitchell*, 127 So. 3d at 708 n.1.

760.11(8)(b), we certify conflict with *Aleu v. Nova Southeastern Univ., Inc.*, 257 So. 3d 134 (Fla. 4th DCA 2023).[5,6]

IV

Accordingly, the trial court's order granting Big Bend Hospice's summary judgment motion is REVERSED.[7] We certify conflict with the Fourth District's decision in *Aleu*, and the Second District's decision in *Ramos*.

---

[5] The Second District previously held that an EEOC determination does not act as one made by FCHR. *See Jones*, 805 So. 2d at 941. Yet, more recently, in *Ramos v. Steak N Shake, Inc.*, 376 So. 3d 100 (Fla. 2d DCA 2023), the Second District also held that the EEOC may act as "the commission" under section 760, in that an EEOC determination on an EEOC complaint permits the filing of a lawsuit under the FCRA under section 760.11(8). *See id.* at 102–03. We certify conflict with *Ramos* as well.

[6] This opinion does not conflict with *Washington Cnty. Sch. Bd. v. Davis*, 401 So. 3d 618 (Fla. 1st DCA 2025), where we addressed the initiation of the administrative process under section 760.11(1). We concluded that a filing with the FCHR, the EEOC, or a fair-employment-practice agency was sufficient to initiate the administrative procedure under section 760.11(1). *See id.* That, however, is not the issue here. Section 760.11(1) governs the initiation of the administrative process, whereas sections 760.11(3), (4), (7), and (8) deal with the exhaustion of the process in order to file civil actions. Thus, *Washington County* has no bearing on whether the EEOC's right-to-sue letter *exhausts* the administrative process.

[7] Although we reverse the trial court's summary judgment, we do not comment on whether Big Bend Hospice's motion to dismiss should have been granted on the ground that Davis' cause of action has not accrued, because Big Bend Hospice never sought dismissal on that ground.

REVERSED, CONFLICT CERTIFIED.

LEWIS, J., concurs; TANENBAUM, J., concurs in the opinion but dissents from certification.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Marie A. Mattox and Ashley N. Richardson of Marie A. Mattox, P.A., Tallahassee, for Appellant.

Reynaldo Velazquez and Stepanka Rubio of Jackson Lewis, P.C., Miami, for Appellee.